NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| Nazia MUGHIS-SOHRAWARDY, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 09-4373 |
| | : | |
| v. | : | OPINION & ORDER |
| | : | |
| NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION, | : | |
| | : | |
| Defendant. | : | |

THOMPSON, U.S.D.J.,

This matter comes before the Court upon Defendant New Jersey Department of Environmental Protection's ("NJDEP") Motion to Dismiss Plaintiff's Complaint [docket # 7]. This matter has been decided on the papers without oral argument. For the reasons stated below, Defendant NJDEP's motion is GRANTED IN PART and DENIED IN PART.

**I.    Background**

Plaintiff Nazia Mughis-Sohrawardy has been employed by Defendant NJDEP since March, 2004. She alleges that soon after she started working for Defendant, she began to receive unwanted comments and questions regarding her Muslim faith from Ms. Christopher, a supervisor in her department. (Compl. ¶ 13-16.) After Ms. Rosenwinkel, her immediate supervisor, did nothing to address the remarks, Plaintiff filed an internal complaint with the Equal Employment Opportunity Office within the NJDEP ("DEP-

EEO"). The issue was resolved between the parties in a conference held on January 8, 2007. (*Id.* ¶ 17-19.)

However, Plaintiff alleges that Ms. Rosenwinkel and Ms. Carasia-Auriti, another supervisor, retaliated against her for filing the complaint, becoming overly critical of her work, subjecting her to more scrutiny then her co-workers, and recommending all eligible candidates except Plaintiff for a promotion.[1] (*Id.* ¶ 20-30.)

Plaintiff alleges that she has been subjected to retaliation and discrimination as a result of her race and religion and has suffered wage loss and loss of promotional opportunities in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10: 5-1 *et seq*. (*Id.* ¶ 39, 42.)

**II. Analysis**

    1.    Title VII Claim

Defendant argues that Plaintiff's Title VII claim should be dismissed for failure to exhaust administrative remedies. (Def.'s Mot. Dismiss 4.) Defendant claims that filing a charge and receiving a notice of right to sue from the EEOC are jurisdictional prerequisites to a Title VII action. *Id.* Because Plaintiff did not allege in her claim that she requested or received a right-to-sue notice, Defendant argues that the claim should be dismissed. *Id.*

While a Plaintiff must generally obtain a right-to-sue notice before initiating a Title VII claim, the Third Circuit has allowed exceptions. In *Gooding v. Warner-Lambert Co.,* the Third Circuit held that a right-to-sue letter is not a jurisdictional pre-

---

[1] It appears that Plaintiff has set forth adequate evidence to make out a prima facie Title VII claim. Plaintiff alleges that the co-workers who were promoted were in the same job category, were hired after Plaintiff, and unlike Plaintiff, did not have Masters Degrees.

requisite to maintaining an employment discrimination claim under Title VII. *Gooding v. Warner-Lambert Co.*, 744 F.2d 354 (3d Cir. N.J. 1984). Instead, the court held that it was "a requirement subject to waiver as well as tolling when equity so requires." *Id*. at 358.

Plaintiff appears to have been unaware of the need to obtain a right-to-sue letter before initiating her claim, and has requested and received a right-to-sue letter from the EEOC since the filing of Defendant's Motion to Dismiss. (Opp. Ex. A [docket # 10].) The Court finds that this is an appropriate case for the application of tolling, and given that Plaintiff now has the required right-to-sue letter, the Court will deny Defendant's Motion to Dismiss the Title VII Claim.

  2. NJLAD Claim

Defendant argues, and Plaintiff does not contest, that Plaintiff's NJLAD claim must be dismissed on the ground of sovereign immunity. (Def.'s Mot. Dismiss 10). As an agency of the State, the NJDEP is entitled to immunity from suit for money damages in federal court. *Fitchik v. N.J. Transit Rail Operations, Inc.*, 873 F.2d 655, 658 (3d Cir. 1989) (holding state agency is entitled to same 11th amendment immunity as state when state is the real party in interest). Therefore, because Plaintiff is suing a state agency for money damages in federal court, and because the NJLAD did not expressly waive the State's immunity, this claim must be dismissed. *See Bennett v. City of Atlantic City*, 288 F. Supp. 2d 675, 683 (D.N.J. 2003) (holding that the NJLAD does not contain the express language required to waive the State's immunity from suit in federal court).

**III. Conclusion**

For the foregoing reasons, and for good cause shown, it is ORDERED that, on this 8th day of March 2010, Defendant NJDEP's Motion to Dismiss Plaintiff's Title VII claim is DENIED; and

It is further ORDERED that Defendant NJDEP's Motion to Dismiss Plaintiff's NJLAD claim is GRANTED.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.